40 C.C.P.A. (Patents)

### Application of ECKERT.
### Patent Appeal No. 5959.

United States Court of Customs and
Patent Appeals.
April 15, 1953.

Busser & Harding, Philadelphia, Pa. (Frank S. Busser, Philadelphia, Pa., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 26, 28 and 29 of appellant's application for a patent on an improvement in an internal combustion engine. Claims 19, 20, 21 and 22, the only other claims in the case, were allowed by the examiner.

The prior art cited and relied upon by the examiner included the following patents:

Patton 1,346,672 July 13, 1920; Lleo et al. 1,355,484 Oct. 12, 1920; Lleo et al. 1,479,918 Jan. 8, 1924; Bailey 2,133,842 Oct. 18, 1938; Henson 2,320,928 June 1, 1943; Smith 2,354,620 July 25, 1944; Eckert 2,-465,638 Mar. 29, 1949.

Claim 28 is illustrative, the critical subject matter being here italicized:

"28. In internal combustion engine comprising a rotatable shaft, two sets of opposed cylinders disposed about said shaft and having their axes parallel thereto, wobbler elements, one for each set of cylinders rotatable with the shaft and mounted thereon, pistons reciprocatory in said cylinders and operatively connected with said wobbler elements, means for simultaneously varying to equal degree the strokes of the pistons of both sets, and a chamber between each two opposed cylinders having inlet and exhaust ports, *the improvement which comprises a chamber that is narrow relative to the diameters of the cylinders and to the diameters of the inlet and exhaust ports, the pistons having such contour that, if moved to the extreme end of the cylinders, they penetrate said chamber but to a distance short of said inlet and exhaust ports,* said chamber being so dimensioned that the volume, between opposing pistons at the end of the compression stroke of the pistons, will have a substantially constant ratio to the volume between opposing pistons at the end of the expansion stroke of the pistons, regardless of length of the piston stroke."

The examiner applied the disclosures of the references in various ways and the board found no reversible error in his action. The board, however, considered the patents to Patton, Lleo et al., No. 1,355,484, and Smith, used in the rejections by the examiner thereupon, as merely cumulative, and in its decision relied upon appellant's prior patent to Eckert, No. 2,465,638, as the principal reference, and the disclosures of Lleo et al., No. 1,479,918, Bailey, and Henson as subsidiary references.

The board observed that claims 28 and 29 were each restricted to having the combustion chamber, in which chamber the inlet and exhaust valves are mounted, extend longitudinally of the opposed cylinders, and having a small width compared to the cylinder diameter; and that claim 26, which depends upon claim 29, has the additional feature of the inlet and exhaust valves arranged opposite one another.

The appealed claims include a limitation designed to remedy a defect in appellant's prior patent covering an invention for increasing the compression ratio of an internal combustion engine in order to improve its power output and fuel efficiency. The record discloses a situation thus described in appellant's brief:

"The objection to that embodiment of the invention disclosed in applicant's prior patent * * * is that at the end of a short compression stroke the opposing piston heads must so closely approach as to provide a combustion chamber of very small volume. This necessitated the provision in the cylinder of rather restricted inlet and outlet ports as in applicant's (Eckert) patent; or if these ports are of adequate area the pistons on a short stroke overlap the ports * * *: thus in either construction producing the same effect of unduly restricting inflow and outflow.

"What applicant sought [in the case at bar] was to provide a construction in which the inlet and outlet ports are of adequately large area but which are not overlapped, but just cleared, by the

piston heads, when, on the shortest piston stroke, the pistons must closely approach."

The board carefully scrutinized the decision of the examiner together with all of the facts of record and reached the following conclusion:

"Appellant has set forth in the claims the mere selection of well known prior art features and substituted them for the corresponding features in his prior patent. When so arranged, no new or unexpected result is obtained. When using these features for the corresponding features of the Eckert prior patent, it would of course be necessary to so proportion these parts as to provide for a constant compression ratio for various adjustments of stroke as fully taught in the basic reference."

The first eight or nine lines of the claim of the present application hereinbefore set forth define the same combination, with a different form of combustion chamber, that is claimed in appellant's prior patent. That patent shows a combustion chamber formed, in part, by the space between the opposed pistons in each cylinder and, in part, by a side combustion space in which the inlet and exhaust valves are located.

Lleo et al., No. 1,479,918, clearly shows a long, narrow combustion chamber having a small width when compared to the diameter of the inlet and exhaust ports as set forth in the appealed claims. Opposed pistons with a protuberance that enter the ends of a longitudinally arranged combustion chamber is disclosed by Bailey; and Henson shows opposed inlet and exhaust valves located centrally of the combustion chamber formed in the cylinder between oppositely disposed pistons.

It is true, as appellant remarked, that none of the references shows the entire combination of claimed elements. No such disclosure is required under the statute, and no invention in combining the features of the cited art appears to have been exercised.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.